**TENNESSEE VALLEY AUTHORITY,**
**Plaintiff,**

v.

**Crate BAILEY et al., Defendants.**

**No. Civ–2–80–138.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 5, 1980.

Herbert S. Sanger, Jr., Gen. Counsel, William E. Mason, Asst. Gen. Counsel, Robert

**712**

C. Glinski, Claire Garland, Staff Attys., Knoxville, Tenn. and William W. Hurst, Tennessee Valley Authority, Knoxville, Tenn., for plaintiff.

Michael F. Fitzpatrick and Lewis A. Combs, Jr., Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

A magistrate of this district, on designation and referral, conducted an evidentiary hearing and submitted to the undersigned judge proposed findings of fact and recommendations on the application of the plaintiff Tennessee Valley Authority (TVA) for injunctive relief in the form of a temporary restraining order, rule 65(b), Federal Rules of Civil Procedure. 28 U.S.C. § 636(b)(1)(B). The magistrate filed his proposed findings and recommendations with the Court, and copies thereof are being mailed to all parties. 28 U.S.C. § 636(b)(1)(C).

Ordinarily, any party hereto might serve and file timely written objections to such proposed findings and recommendations, in which event the undersigned judge would make a *de novo* determination of those portions of the specified proposed findings or recommendations to which objection was made. 28 U.S.C. § 636(b)(1). However, in this instance, the plaintiff has made an application also for a preliminary injunction, and the Court will consider *de novo* the right of the plaintiff to injunctive relief on the hearing of such motion. Significantly, unless extended in a limited way by the Court or for a longer period by the consent of the person(s) enjoined, a temporary restraining order would have expired 10 days from its issuance. Rule 65(b), *supra.*

■ The Court hereby ACCEPTS the findings and recommendation of the magistrate. The plaintiff relied for the relief it sought on 5 U.S.C. § 7311(3) and (which is made a crime by) 18 U.S.C. § 1918. For these purposes, the former section provides that no person may hold a position in federal government if he or she participates in a strike against the government of the United States. Employees of the TVA, for the purposes of 5 U.S.C. § 7311(3) and 18 U.S.C. § 1918, are employees holding positions with the federal government. *Tennessee Valley Auth. v. Local U. No. 110 of Sheet Met. Wkrs.,* D.C.Ky. (1962), 233 F.Supp. 997, 1000[4, 5]. However, contrary to the contention of the plaintiff, the word "strike" as used in the aforecited statutes, has a meaning peculiar to itself: in this context, the word "strike" means " * * * an actual refusal in concert with others to provide services to one's employer. * * * " *United Federation of Postal Clerks v. Blount,* (3-judge) D.C.D.C. (1971), 325 F.Supp. 879, 884[11], affirmed (1971), 404 U.S. 802, 92 S.Ct. 80, 30 L.Ed.2d 38.

The magistrate had no evidence, let alone proof, before him that any one or more of the 21 defendants named in the complaint herein had actually refused in concert with someone else to provide services to the plaintiff; all he had in the nature of sworn evidence of violations of these statutes by the defendants was the conclusory statement of the plaintiff's construction superintendent at its Phipp's Bend nuclear plant project that " * * * the named defendants were included in this group of strikers. * * * " This fell far short of TVA's carrying its burden of " * * * establishing a clear case * * * " that it was entitled to a temporary restraining order against the named defendants. *See Garlock, Inc. v. United Seal Incorporated,* C.A. 6th (1968), 404 F.2d 256, 257[1].

If the TVA has evidence to offer that one or more of the named defendants actually refused or is refusing in concert with other persons to provide services to the TVA as their employer, there is no question that any such employees of the TVA are guilty for the duration of any such refusal of a violation of a civil statute of the United States and are subject to criminal prosecution. However, if a defendant originally refused to perform services for the TVA and then was suspended by the TVA so that he or she no longer had the choice between performing services or refusing to perform

services, there was no violation after the suspension. Unless the TVA has proof of that sort to offer, then TVA is not entitled to injunctive relief under the aforecited statutes.

As recommended by the magistrate, the Court will receive evidence on the plaintiff's application for a preliminary injunction on Monday, August 11, 1980 at 12:30 o'clock, p. m. The clerk will notify all parties thereof. Local Rule 12(c).